CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY FRANK GODFREY, ) | |
| Petitioner, ) | Civil Action No. 7:07-CV-00045 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |
| ) | |

Petitioner Johnny Frank Godfrey, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner Godfrey challenges the validity of his June 2006 conviction in the Danville Circuit Court for failure to return bail equipment. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

Under 28 U.S.C. § 2254(b), a federal court must dismiss a habeas petition without prejudice if the petitioner has not exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules

---

[1] A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

1

against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that Godfrey has available state court remedies that he has not yet exhausted as to all claims relating to the legality of his state court convictions. He states that his direct appeal proceedings are still pending and that as a result, the Supreme Court of Virginia dismissed his state habeas corpus action without prejudice. This ruling indicates that once the appeal is complete, Godfrey may still file a state habeas petition. Because these state court remedies are still available to Godfrey, he has not satisfied the § 2254(b) exhaustion requirement, and that fact mandates summary dismissal of his petition by this court without prejudice.[2] An appropriate final order will be entered this day.

ENTER: This 6th day of February, 2007.

Senior United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after exhausting available state court remedies. Petitioner is advised, however, that federal statutes generally allow a state prisoner to file only one petition for a writ of habeas corpus, pursuant to § 2254, and subsequent petitions would be dismissed as successive. See 28 U.S.C. § 2244(b).